UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,


                                                    DECISION AND ORDER

-vs-                                                18-CR-6119 CJS/MWP


MARCUS BROWN,

                              Defendant.

_____

This case was referred by text order of the undersigned, entered August 7, 2018, ECF No. 23, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). On May 16, 2019, Defendant filed an omnibus motion, ECF No. 65, which he later supplemented on January 2, 2020, ECF No. 118, following the Court's rejection of Rule 11(c)(1)(C) plea agreement on December 6, 2019, ECF No. 112. In his omnibus motion. Defendant seeks, *inter alia,* the following relief : (1) dismissal of the indictment on the grounds that pre-indictment delay by the Government violated his right to due process and that the investigation leading to the indictment was tainted by an unlawful search conducted on October 14, 2015, by Investigator Nolan Wengert of the Rochester Police Department ("Investigator Wengert"); (2) suppression of statements made and tangible evidence seized on October 14, 2015, based upon the conduct of Investigator Wengert; (3) suppression of tangible evidence seized on April 18, 2018, on the ground that such statements and tangible evidence constitute the fruit of an unlawful search conducted on October 14, 2015; (4) suppression of

statements made on April 18, 2018, on the ground that such statements constitute the fruit of an unlawful search conducted on October 14, 2015, and that such statements were involuntary; (5) suppression of identification testimony; and (6) release of Investigator Wengert's personnel records. In support of his applications to suppress, Defendant filed a supplemental affidavit on February 7, 2020, ECF No. 127, and on that same date his counsel filed one as well, ECF No. 126. Subsequently, in support of his application to suppress statements made on April 18, 2018, Defendant filed a "Second Supplemental Affidavit," ECF No. 173, on August 21, 2020, and then on September 17, 2020, he filed a "Third Supplemental Affidavit," ECF No. 180.

First, as to the release of Investigator Wengert's personnel records, Magistrate Judge Payson issued a summary Decision and Order on January 22, 2020, ECF No. 122, dismissing without prejudice that application. Accordingly, Defendant had fourteen days from January 22, 2020, to file an objection to that determination. Since Defendant did not so, the Court denies, procedurally his belated attempt to object as contained in his "Objections To And Appeal From the Report And Recommendation Dated May 22, 2020," ECF No. 161. However, this procedural ruling is of little import, since Magistrate Judge Payson denied the application "without prejudice."

Second, with respect to Defendant's motion to suppress any statements made and evidence seized on October 14, 2015, that application has been rendered moot, since the government has agreed, that due to the death of Investigator Wengert, it does not intend to introduce either at trial. Moreover, during a court appearance before Magistrate Judge Payson on January 22, 2020, the government represented that it

only intended to introduce statements made by Defendant on April 18, 2018, at the Public Safety Building after he was advised of his *Miranda* rights. Regarding those statements, as confirmed by Defendant's counsel during that appearance, he was not maintaining that such statements were taken in violation of his *Miranda* rights, but was challenging them on the basis that they were involuntary.

On May 22, 2020, Magistrate Judge Payson filed a Report and Recommendation ("R&R"), ECF No. 153, recommending that Defendant's motions to dismiss the indictment and to suppress statements made and tangible evidence seized on April 18, 2019, be denied.   Magistrate Judge Payson deferred to this Court Defendant's application to suppress identification testimony. Defendant, after being granted an extension on June 5, 2020, ECF No. 155, timely filed objections to the R&R, ECF No. 161, on June 25, 2020, maintaining that Magistrate Judge Payson erred in recommending that this Court deny his motions to dismiss the indictment and to suppress statements made and evidence seized on April 18, 2018.  In regard to his contention that the April 18, 2018, statements were involuntary, Defendant objected to Magistrate Judge Payson's decision, upon reconsideration, to deny his request for a full blown evidentiary hearing in favor of relying on the body cam video evidence produced by the government of Defendant's arrest on April 18, 2018. Magistrate Judge Payson found that such video evidence was sufficient for her to decide Defendant's claim, as set forth in his February 7, 2020, affidavit, ECF No. 127, that any of the post *Miranda* statements he made on April 18, 2018, were involuntary:

> The large number of officers that appeared at my residence, along with the threatening and hostile tone of the investigator who questioned me

3

caused me to be in fear of what would happen if I did not cooperate and impacted the voluntariness of any alleged statements made on this date.

Marcus Brown Suppl. Aff., ¶ 11, ECF No. 127.

However, thereafter, by letter dated October 14, 2020, the government indicated that it no longer intended to introduce the statements made by Defendant on April 18, 2018, which position it affirmed at a court appearance on October 19, 2020, ECF No. 187. Accordingly, Defendant's motion to suppress statements made on April 18, 2018, and his objections to Magistrate Judge Payson's R&R in that regard have been rendered moot.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Upon a *de novo* review of the R&R, the Court accepts the pertinent proposed findings and recommendations. Accordingly, for the reasons set forth in Magistrate Judge Payson's R&R, Defendant's applications to dismiss the indictment and to suppress tangible evidence seized on April 18, 2018, are denied.[1]

The Court now turns its attention to Defendant's application to suppress identification testimony. Due to the unprecedented Covid-19 pandemic, the Court

---

[1]The tangible evidence at issue appears to consist of some form of cocaine and a holster. These items were observed by members of the Rochester Police Department during their execution of an arrest warrant for Defendant at Lexington Court Apartment # 5 on April 18, 2018. The items were subsequently seized pursuant to a search warrant signed by Monroe County Court Judge Sam L. Valleriani. Defendant did not base his suppression application on the facial insufficiency of the either warrant or application on which it was based, but rather on a "fruit of the poisonous tree" argument relating back to the events of October 14, 2015. Magistrate Judge Payson disagreed with such argument in her R&R, and this Court also disagrees upon *de novo* review. Of course, the relevancy of the cocaine and/or holster remains a matter to be addressed at trial.

indicated to Magistrate Judge Payson that it would resolve the motion to suppress identification testimony as to the photo array at issue at or near the time of trial. However, it appears from the papers filed that the identifications that Defendant seeks to suppress involve three witnesses, A.A., R.G.[2], and Kendra Thomas. From presiding over the trial of co-defendant, Ray Davis' trial, the Court heard testimony that all three of these witnesses knew both Defendant, Marcus Brown and co-defendant, Ray Davis. In that regard, the Court directs counsel to the following language from its decision in *United States v. Wilbern*,  2019 WL 3852402 (W.D.N.Y. Aug. 16, 2019):

> There is an analogous approach employed in New York law where it is well settled that if a defendant and identifying witness are known to each other, any identification is merely confirmatory and a *Wade* hearing is not required. That is to say, New York law allows for in-court identifications despite what would otherwise be considered unduly suggestive pretrial procedures, provided the witness knew the defendant and was therefore immune from suggestion. *See People v. Rodriguez*, 79 N.Y.2d 445, 449–50, 583 N.Y.S.2d 814, 593 N.E.2d 268 (1992). In that regard, New York courts hold pre-*Wade* or *Rodriguez* hearings to consider whether the witness had sufficient familiarity with the defendant to eliminate the issue of police suggestiveness in the identification process, so as to render the identification confirmatory. *See Kelly v. Lee*, No. 11-CV-3903 (CBA), 2014 WL 4699952 (E.D.N.Y. Sept. 22, 2014). It is clear that New York's "confirmatory identification" rule tracks the federal standard that identification procedures raise due process concerns only to the extent that they yield "unreliable" identifications. *Espinal v. Duncan*, No. 00 Civ. 4844(RWS), 2000 WL 1774960, at *3 (S.D.N.Y. Dec 4, 2000) (citing *Manson v. Brathwaite*, 432 U.S. at 114, 97 S.Ct. 2243; and *Neil v. Biggers*, 409 U.S. 188, 199–201, 93 S.Ct. 375, 34 L.Ed.2d 401). It is also clear that New York's confirmatory identification rule is also consistent with the emphasized language from the *Whittle* case, *supra*.

---

[2]Because of the nature of the charges and the fact that this Decision and Order will be filed on the public docket, the Court is referring to the alleged victims as they are identified in the indictment.

Apparently adopting the New York approach, the Eastern District of New York held:

> Moreover, even if a pre-trial identification procedure is unduly suggestive, an in-court identification is still allowed as long as it is "independently reliable rather than the product of the earlier suggestive procedures." *United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). An in-court identification is therefore admissible, despite an improper pre-trial identification procedure, if the witness is familiar with the defendant prior to the incident. *See, e.g.*, *Stanley*, 2009 WL 5066864, at *5 (witness "was a co-conspirator and had spent one to two days with the defendant"); *Johnson v. Walker*, No. CV-01-6862, 2003 WL 22002420, at *9 (E.D.N.Y. Aug. 25, 2003) ("[T]he fact that petitioner was known to the eyewitness and was not a stranger is itself compelling evidence of an independent source for the identification."); *Espinal v. Duncan,* No. 00 CIV. 4844, 2000 WL 1774960, at *3 (S.D.N.Y. Dec. 4, 2000) (finding "that the in-court identification was reliable notwithstanding the prior photographic display" because "Santiago already knew Espinal 'by first name as well as street name, ... knew where [Espinal] lived and the car he drove, and [ ] had seen him at least 20 times in the prior year.' " (alterations in original)).

*United States v. Crumble*, No. 18-CR-32 (ARR), 2018 WL 1737642, at *2 (E.D.N.Y. Apr. 11, 2018).

Therefore, for the Court to determine whether a *Wade* hearing is required, it directs the government by December 31, 2020, to provide to Court and Defendant the following: an affidavit from each of the identifying witnesses it intends to call at trial, detailing each one's familiarity with Defendant, including the time frame of contacts, number of contacts within such time frame, and the manner and means by which each knew Defendant, mindful, of course, that the crimes alleged in the indictment range from approximately June, 2015, to October, 2015.

In summary, Defendant's application to suppress statements obtained and evidence seized on October 14, 2015, and his application to suppress statements obtained on April 18, 2018, are denied as moot. Upon *de novo* review, for the reasons set forth in Magistrate Judge Payson's R&R, Defendant's application to dismiss the indictment and his application to suppress tangible evidence seized on April 18, 2018, are denied. The Court reserves on Defendant's application to suppress identification testimony and, in that regard, for a *Wade* hearing, pending review of the affidavits that the government has been directed to provide. Finally, Defendant's application for Investigator Wengert's personnel records is denied with leave to renew. The matter will now be scheduled for trial.[3]

IT IS SO ORDERED.

Dated:       Rochester, New York
             November 18, 2020

                         ENTER:


                         */s/ Charles J. Siragusa*
                         CHARLES J. SIRAGUSA
                         United States District Judge

---

[3]In accordance with the General Orders for the District Court for the Western District of New York, signed by the Honorable Frank P. Geraci, Chief Judge, on March 18, 2020, and June 15, 2020, the time from March 18, 2020 through July 15, 2020 is excludable for speedy trial purposes pursuant to 18 U.S.C. 3161 (h)(7) (A) &(B). In that regard, the Court finds that the exclusion is warranted in the interests of justice and outweighs either the Defendant's right or the public's right to a more speedy trial. This finding is based upon the Covid-19 pandemic, an internal crisis unparalleled in our nation's history, which has led to stringent social distancing and masking measures, despite which approximately 240,000 deaths have resulted.